UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHN COLTAN BANKS, <br> NICKALAS J. BERRY, <br> JAMES ROBERT VENSON DILLEY, <br> THOMAS LEE LAYTON OWEN, <br> ROBERT WESLEY SCOTT, <br> RANDY JACK WIGGINS, and <br> GARL WILLIAMS, JR. <br><br>       Plaintiffs, <br><br> v. <br><br> HARLAN MOORE, Sheriff of Delaware County in his Official Capacity, <br> THE BOARD OF COUNTY COMMISSIONERS OF DELAWARE COUNTY, <br> CHARLES PHILLIP HAYES, and <br> SHELLEY LADAWN MAYBERRY, <br><br>       Defendants. | Case No. 20-CV-0311-CVE-JFJ |

## OPINION AND ORDER

Now before the Court is Defendant Board of County Commissioners' Motion to Dismiss and Brief in Support (Dkt. # 17). The Board of County Commissioners of Delaware County (the Board) argues that it is not the final policymaker for the Delaware County Jail, and it cannot be held liable under 42 U.S.C. § 1983 for claims arising out of the treatment of inmates at the jail. Dkt. # 17. The Board also argues that the claim against it is duplicative of the claim alleged against Harlan Moore, the Sheriff of Delaware County, and should be dismissed. Plaintiffs respond that they have adequately alleged that their injuries were caused by an official policy or custom, and the Board and the Sheriff are jointly liable for claims concerning the treatment of inmates at the Delaware County Jail.

I.

The plaintiffs in this case allege that they were pretrial detainees in December 2019 and they were held in custody at the Delaware County Jail while awaiting trial. Dkt. # 2, at 2. Harlan Moore is currently the Sheriff of Delaware County and he was the Sheriff when the events alleged in the complaint occurred. Id. Plaintiffs allege that Moore is "the policy maker for the Delaware County Jail and there is no other person with authority over the Sheriff of Delaware County." Id. Plaintiffs allege that the Board has a duty under Oklahoma law to maintain a jail for the safekeeping of prisoners, and the Board is named as a defendant in its official capacity. Id. at 2. The Court can find no other allegations concerning the Board's role in the actions giving rise to plaintiffs' claims.

Plaintiffs allege that employees of the Delaware County Jail shot inmates with a high-powered taser "without any reason or justification other than for the depraved, sadistic and malicious personal satisfaction and gratification of detention officers and employees of the Sheriff of Delaware County." Id. at 4. The complaint alleges that an incident occurred in July 2019 in which Nathaniel Daniels, an inmate, was seriously injured when the Jail Administrator, Terry Hibbard, deployed a taser on Daniels while he was restrained. Id. at 5. Hibbard resigned shortly after the incident and plaintiffs allege that Moore had notice of the reason for Hibbard's resignation, but Moore allegedly took no disciplinary action against other employees of the Jail who were present when the incident occurred. Id. Plaintiffs allege that Charles Hayes, a detention officer, deployed his taser on several of the plaintiffs without provocation and solely for the purpose of causing the plaintiffs to suffer for his own gratification. Id. at 7-11. Another detention officer, Shelley Mayberry, allegedly participated in the incidents by taunting the inmates over the intercom system while Hayes tortured the inmates with his taser. Id. at 12. Detention Officer Cody Hanson submitted two incident reports

concerning Mayberry's and Hayes' conduct, but no action was taken by the Sheriff or the Jail Administrator. Id. Plaintiffs allege that the Sheriff failed to train detention officers about the permissible use of force against inmates, and they claim that the Sheriff's decision to consciously ignore the pattern or practice of harm inflicted on inmates by detention officers rises to the level of deliberate indifference. Id. at 15.

On March 6, 2020, plaintiffs delivered a notice of tort claims to the Board and Moore, and the notice of tort claims was denied. Id. at 15-16. Plaintiffs filed this case alleging a claim under 42 U.S.C. § 1983 against Hayes and Mayberry (First Cause of Action) in their individual capacity for the use of excessive force. Id. at 16. Plaintiffs allege a § 1983 against Moore and the Board (Second Cause of Action) in their official capacity for maintaining a policy or custom of failing to train detention officers concerning the permissible use of force against inmates. Id. at 17. Plaintiffs also allege a state law battery claim against Hayes and Mayberry (Third Cause of Action). Plaintiffs seek compensatory damages in excess of $75,000 and punitive damages. Id. at 18-19.

**II.**

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." Id. (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 562. Although decided

within an antitrust context, Twombly "expounded the pleading standard for all civil actions." Ashcroft v. Iqbal, 556 U.S. 662, 683 (2009). For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to a claimant. Twombly, 550 U.S. at 555; Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). However, a court need not accept as true those allegations that are conclusory in nature. Erikson v. Pawnee Cnty. Bd. of Cnty. Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1109-10 (10th Cir. 1991).

### III.

The Board argues that it cannot be sued under § 1983 for claims arising out of the operation of the Delaware County Jail, because it does not have final policy making authority over the jail. Dkt. # 17, at 7. The Board also argues that plaintiffs' claims against the Sheriff and the Board are both treated as claims against Delaware County, and plaintiffs' § 1983 claim against the Board is duplicative of their claim against the Sheriff. Id. at 8-9. Plaintiffs respond that they have adequately alleged a § 1983 claim against the Board based on a custom or policy attributable to Delaware County, and they argue that the Board and Moore are jointly liable for the deprivation of inmates' constitutional rights at the Jail.

Plaintiffs argue that Oklahoma law requires that the board of county commissioners be named as the defendant in cases against a county. Under OKLA. STAT. tit. 19, § 4, "the name in which a county shall sue or be sued shall be 'Board of County Commissioners of the County of

\_\_\_\_\_,'" but the statute also permits a plaintiff to bring suit against a county by "naming a county officer identified in [OKLA. STAT. tit. 19, § 161] of this title when it is alleged that such officer in his or her official capacity is directly or vicariously liable to plaintiff in an action not arising out of contract." The county sheriff is specifically identified as a "County officer" in § 161. Every county in Oklahoma "by authority of the board of county commissioners and at the expense of the county, shall have a jail or access to a jail in another county for the safekeeping of prisoners lawfully committed." OKLA. STAT. tit. 57, § 41. The sheriff of a county has the "charge and custody of the jail of his county, and all the prisoners in the same, and shall keep such jail himself, or by deputy or jailer, for whose acts he and his sureties shall be liable." OKLA. STAT. tit. 19, § 513. The sheriff is also responsible for training detention officers concerning jail standards promulgated the state of Oklahoma for the health and safety of inmates. OKLA. STAT. tit. 19, § 513.1.

In a prior decision, the Court determined that a board of county commissioners cannot be sued for the alleged unconstitutional acts of a county sheriff or his deputies concerning the operation of a jail. Goss v. Bd. of County Commr's of Creek County, 2014 WL 4983856 (N.D. Okla. Oct. 6, 2014). However, the Court notes that there is disagreement among federal district courts in Oklahoma as to whether a board of county commissioners is subject to liability for the operation of a county jail. Flowers v. Garvin Cty. Bd. of Cty. Commr's, 2016 WL 3079286 (W.D. Okla. May 3, 2016); DuBois v. Bd. of Cty. Commr's of Mayes Cty., 2014 WL 4810332 (N.D. Okla. Sep. 29, 2014); Arnold v. Smallwood, 2012 WL 1657045 (N.D. Okla. May 10, 2012). There is also disagreement in the decisions of Oklahoma's appellate courts concerning a board of county commissioners' liability for the operation of the county jail. Estate of Crowell ex rel. Boen v. Bd. of Cty. Commr's of Cty. of Cleveland, 237 P.3d 134, 142-43 (Okla. 2010) (board of county

commissioners not proper defendant for claim arising out medical care at county jail); Edelen v. Bd. of Commr's of Bryan Cty., 266 P.3d 660, 667 (Okla. Civ. App. 2011) (distinguishing Crowell and finding that board of county commissioners can be liable for poor medical care at county jail).

The Court find that it is not necessary to determine whether the Board can be sued for an alleged policy or custom harming inmates at the county jail, because plaintiffs have named two defendants that are both treated as Delaware County for the purpose of plaintiffs' § 1983 claim. Plaintiffs have named Moore, the Sheriff of Delaware County, as a defendant in his official capacity, and this is treated as a claim against the county. Sawyers v. Norton, 962 F.3d 1270, 1279 n.4 (10th Cir. 2020). Plaintiffs' claim against the Board is simply another way to sue the county, but plaintiffs do not allege a separate basis for liability against the Board. The Board is mentioned in only one factual allegation of the complaint for the proposition that the Board has a statutory obligation to fund a jail for the safekeeping of prisoners. Dkt. # 2, at 2. Under the plain language of the statute, a plaintiff is not required to name the board of county commissioners when it would appropriate to name a county official in his official capacity as the representative of the county. OKLA. STAT. tit. 19, § 4. In fact, the statute authorizes the trial court to substitute a county official in his official capacity "for the Board upon a showing that such county officer is better suited to represent and defend the county under the particular facts of the case." Id. In this case, plaintiffs allege that Moore is the final policy maker for the Delaware County Jail and that there is no person or entity with authority over Moore for the operation of the county jail. Dkt. # 2, at 3. By naming Moore as a defendant in his official capacity, plaintiffs have named Delaware County as a party and the Court finds that Moore is better suited than the Board to defend against plaintiffs' allegations. Plaintiffs'

6

§ 1983 claim against the Board is simply a redundant claim against Delaware County, and plaintiffs' § 1983 claim against the Board should be dismissed as duplicative.

**IT IS THEREFORE ORDERED** that Defendant Board of County Commissioners' Motion to Dismiss and Brief in Support (Dkt. # 17) is **granted**, and the Board of County Commissioners of Delaware County is **terminated** as a party.

**DATED** this 22nd day of October, 2020.

*[signature]*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE